UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

| | |
|---|---|
| TRIMIKA BELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Civil Case No.: 0:20-cv-62352 |
| | ) |
| ARTIS SLM OF DAVIE, LLC, | ) |
| | ) |
| Defendant. | ) |

## PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, Trimika Bell ("Plaintiff" or "Bell"), and files her Complaint against Defendant, ARTIS SLM OF DAVIE, LLC ("Defendant" or "Artis"), and in support states the following:

## NATURE OF THE CLAIMS

1. This is an action for monetary damages pursuant the Family and Medical Leave Act of 1996, 29 U.S.C. §§ 2601 *et seq*. ("FMLA"); Title I of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101 *et seq*. ("ADA"); and the Florida Civil Rights Act of 1992, Fla. Stat. §§ 760.01 *et seq*. ("FCRA") to redress Defendant's unlawful employment practices against Plaintiff including Defendant's retaliation for Plaintiff's lawful exercise of her rights under the FMLA and unlawful discrimination and harassment against Plaintiff due to her disability and her association with a disabled individual leading to her unlawful termination.

## JURISDICTION AND VENUE

2. This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding deprivation of Plaintiff's civil rights under the FMLA and ADA.

1

3. This Court has supplemental jurisdiction over Plaintiff's related claims arising under state law pursuant to 28 U.S.C. §1367(a).

4. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein occurred in this district.

## THE PARTIES

5. Plaintiff, Bell is a citizen of the Unites States and is and was at all times material a resident of the State of Florida, residing in Miami-Dade County, Florida.

6. Defendant, Artis is a Foreign Limited Liability Company with its principal place of business in McLean, Virginia.

7. Defendant does business in this Judicial District and Plaintiff worked for Defendant at 2794 S Flamingo Rd, Davie, Florida 33330.

8. Defendant is an employer as defined by the laws under which this action is brought and employs the requisite number of employees.

## PROCEDURAL REQUIREMENTS

9. Plaintiff has complied with all statutory prerequisites to filing this action.

10. On or about August 25, 2020 Plaintiff dual-filed a claim with the Florida Commission on Human Relations ("FCHR") and the Equal Employment Opportunity Commission (EEOC") satisfying the requirements of 42 U.S.C. § 2000e5(b) and (e), based on disability and retaliation.

11. Plaintiff's EEOC charge was filed within three hundred (300) days after the unlawful employment practices occurred.

12. August 31, 2020 the EEOC issued to Plaintiff a Dismissal and Notice of Rights.

13. This complaint was filed within ninety (90) days Plaintiff's receipt of the EEOC's Dismissal and Notice of Rights.

## FACTUAL ALLEGATIONS

14. Plaintiff was employed by Defendant in a full-time capacity for just shy of two years. At the time of her termination, Plaintiff held the position of Director of Health and Wellness.

15. Plaintiff is a disabled female as she suffers from anxiety and depression.

16. Plaintiff's disability substantially limits her major life activities such as eating, sleeping, concentration, and caring for herself.

17. At all times relevant to this action, Plaintiff was a qualified individual with a disability within the meaning of the ADA. Plaintiff has an actual disability, has a record of being disabled, and/or is perceived as being disabled by Defendant.

18. At all times material, Plaintiff was able to perform the essential functions of her job with or without accommodations.

19. Plaintiff's mother is disabled.

20. In January 2020 Plaintiff's mother became ill and required hospitalization. Plaintiff's mother was treated at multiple hospitals and eventually hospitalized approximately one hour from Plaintiff's home.

21. The stress involved with her mother's hospitalization caused an exacerbation of Plaintiff's disability.

22. Plaintiff inquired with Defendant about medical leave to attend to her own disability, but Defendant failed to engage in the interactive process with her. Further, Defendant failed to offer Plaintiff FMLA leave.

23. Due to the distance between Plaintiff's home and where her mother was hospitalized, Plaintiff contacted Marthe Lawrence, on March 8, 2020 and requested FMLA leave.

24. To interfere with and discourage Plaintiff from utilizing FMLA leave, Defendant did not provide Plaintiff FMLA documents until March 16, 2020 – six (6) business days and after Plaintiff's inquiry.

25. To further harass Plaintiff, Defendant then requested Plaintiff return the FMLA forms by March 30, 2020, fourteen (14) calendar days after Plaintiff received them and not the fifteen (15) calendar days as is standard.

26. Plaintiff notified Defendant that she was having difficulty printing the FMLA forms and asked Defendant at least two times to mail the FMLA documents to her.

27. Once Plaintiff finally received the FMLA documents she immediately contacted her mother's doctor for an appointment and diligently worked to have the FMLA documents completed. However, due to the pandemic Plaintiff's mother's doctor was only performing virtual visits.

28. Plaintiff continued to follow up with her mother's doctor to obtain the FMLA documents and kept Defendant apprised of her efforts to complete the documents.

29. Plaintiff provided Defendant medical records and bills showing her mother was hospitalized.

30. During this time, Ms. Lawrence resigned her employment with Defendant. As such, Plaintiff reached out to Robin McCracken, Vice President of Health and Wellness, to apprise her of the situation and advise that Plaintiff would require a brief extension of leave past April 6, 2020 as her mother's health was not improving and arrangements for continued care were needed.

31. Plaintiff was also in communication with Cheryl Taylor, Interim Executive Director and Anna Russo, Business Office Manager to keep Defendant apprised of her situation.

32. Plaintiff remained in contact with Defendant throughout her leave.

33. Plaintiff's mother's health continued to decline, and Plaintiff required additional time off from work to make necessary arrangements. Despite the challenges with the pandemic, Plaintiff provided Defendant with completed FMLA documents on or around April 16, 2020.

34. The following day, Plaintiff received communication from Defendant notifying Plaintiff that her FMLA leave was denied and she was required to return to work on April 20, 2020, the following Monday or face termination.

35. Defendant again failed to engage in the interactive process with Plaintiff and instead terminated Plaintiff.

36. Plaintiff has been damaged by Defendant's illegal conduct.

37. Plaintiff has had to retain the services of the undersigned counsel and has agree to pay said counsel reasonable attorney's fees.

## Count I:
### Retaliation in Violation of the FMLA

38. Plaintiff re-alleges and adopts, as fully set forth herein, the allegations stated in paragraphs 1-37 above.

39. Plaintiff is a covered "employee" as defined by the FMLA because he worked for Defendant for more than 12 months preceding the leave, had more than 1,250 hours of service during the 12 months preceding the leave, and worked at a location where the employer has at least 50 employees within 75 miles.

40.     At all times relevant to the case, Defendant is and was a covered "employer" under the FMLA because it has more than 50 employees employed at Plaintiff's work location in 20 or more workweeks in the calendar year preceding the leave request.

41.     Plaintiff exercised or attempted to exercise her rights under the FMLA.

42.     Defendant retaliated against Plaintiff for exercising or attempting to exercise her FMLA rights.

43.     Defendant's actions were willful, knowing and voluntary, and otherwise done with malice and/or reckless indifference for Plaintiff's rights.

44.     Plaintiff was injured due to Defendant's willful violations of the FMLA, to which Plaintiff is entitled to legal relief.

## Count II:
## Interference in Violation of the FMLA

45.     Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-37 above.

46.     Plaintiff is a covered "employee" as defined by the FMLA because he worked for Defendant for more than 12 months preceding the leave, had more than 1,250 hours of service during the 12 months preceding the leave, and worked at a location where the employer has at least 50 employees within 75 miles.

30.     At all times relevant to the case, Defendant is and was a covered "employer" under the FMLA because it has more than 50 employees employed at Plaintiff's work location in 20 or more workweeks in the calendar year preceding the leave request.

31.     Plaintiff exercised, or attempted to exercise, her rights under the FMLA.

32.     Defendant interfered with Plaintiff's lawful exercise of her FMLA rights.

6

33. Defendant's actions were willful, knowing, and voluntary, and otherwise done with malice and/or reckless indifference for Plaintiff's rights.

34. Plaintiff was injured due to Defendant's willful violations of the FMLA, to which she is entitled to legal relief.

<u>**Count III:**</u>
**Disability Discrimination in Violation of the ADA**

35. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-37 above.

36. At all times relevant to this action, Plaintiff was a qualified individual with a disability within the meaning of the ADA.

37. Plaintiff has an actual disability, has a record of being disabled, and/or is perceived as being disabled by Defendant.

38. Defendant is prohibited under the ADA from discriminating against Plaintiff because of Plaintiff's disability with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

39. Defendant is prohibited under the ADA from discriminating against Plaintiff because of Plaintiff's association with a disabled individual with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment

40. Defendant violated the ADA by unlawfully terminating and discriminating against Plaintiff based on her disability.

41. Defendant intentionally discriminated against Plaintiff on the basis of her disability.

42. In the alternative Defendant intentionally discriminated against Plaintiff due to her association with a disabled person, her mother.

43. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of the ADA, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which Plaintiff is entitled to an award of monetary damages and other relief.

44. Defendant's unlawful conduct in violation of the ADA is outrageous and malicious, intended to injure Plaintiff, and has been done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of exemplary and/or punitive damages.

## Count IV:
## Retaliation in Violation of the ADA

45. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-37 above.

46. Defendant retaliated against Plaintiff for engaging in protected activity when Plaintiff requested reasonable accommodations under the ADA by terminating her employment.

47. Defendant's conduct violates the ADA.

48. Defendant's discriminatory conduct in violation of the ADA has caused Plaintiff to suffer loss of pay, benefits, and prestige.

49. Defendant's actions have caused Plaintiff to suffer mental and emotional distress entitling her to compensatory damages.

50. Defendant has engaged in discriminatory practices with malice and reckless indifference to the Plaintiff's federally protected rights, thereby entitling her to punitive damages.

## Count V:
## Handicap Based Discrimination in Violation of the FCRA

51. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in paragraphs 1-37 above.

52. Plaintiff was a qualified individual with a handicap under the meaning of the FCRA.

53. Defendant is prohibited under the FCRA from discriminating against Plaintiff because of her handicap with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

54. Defendant violated the FCRA by unlawfully terminating and discriminating against Plaintiff based on her handicap.

55. Defendant intentionally discriminated against Plaintiff on the basis of her handicap.

56. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of the FCRA, Plaintiff has suffered lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which Plaintiff is entitled to an award of monetary damages and other relief.

57. Defendant's unlawful conduct in violation of the FCRA was outrageous, malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of exemplary and or punitive damages.

## Count VI:
## Retaliation in Violation of the FCRA

58. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in paragraphs 1-37 above.

59. At all times relevant to this action, Plaintiff was a qualified employee with a handicap under the FCRA.

60. Defendant intentionally retaliated against Plaintiff for engaging in protected activity.

61. As a direct and proximate result of Defendant's unlawful and retaliatory conduct in violation of the FCRA, Plaintiff has suffered lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which Plaintiff is entitled to an award of monetary damages and other relief.

62. Defendant's unlawful conduct in violation of the FCRA was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of exemplary and/or punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, requests this Honorable Court:

a) Enter judgment requiring Defendant to pay back wages and back benefits found to be due and owing at the time of trial, front-pay, compensatory damages, including emotional distress damages, in an amount to be proved at trial, punitive damages, liquidated damages, and prejudgment interest thereon;

b) Grant Plaintiff her costs and an award of reasonable attorneys' fees (including expert fees); and

c) Award any other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all triable issues herein.

Respectfully Submitted:

/s/ **Gary Martoccio**
Gary Martoccio
Florida Bar No.: 99040
Spielberger Law Group
4890 W. Kennedy Blvd., Suite 950
Tampa, Florida 33609
T: (800) 965-1570
F: (866) 580-7499
gary.martoccio@spielbergerlawgroup.com

*Counsel for Plaintiff*